IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COLUMBIA GAS TRANSMISSION, LLC,** | **CIVIL ACTION NO. 1:15-CV-0360** |
| | **(Chief Judge Conner)** |
| Plaintiff | |
| v. | |
| **10.5068 ACRES, MORE OR LESS IN YORK COUNTY, LOCATED ON PARCEL IDENTIFICATION NO. 4400016003100, OWNED BY MARBURG MEMORIAL GARDENS INC.** *et al.*, | |
| Defendants | |

# ORDER

AND NOW, this 19th day of June, 2015, upon consideration of the motion (Doc. 7) for partial summary judgment filed by plaintiff Columbia Gas Transmission, LLC ("Columbia") on February 20, 2015, wherein Columbia seeks judgment as a matter of law regarding its right to condemn certain easements on property owned by defendant Marburg Memorial Gardens, Inc. ("Marburg")[1] in connection with the replacement of a natural gas pipeline on said property pursuant to the Natural Gas Act, 15 U.S.C. § 717f, and a blanket certificate of public convenience and necessity issued by the Federal Energy Regulation Commission ("FERC") on January 7, 1983, 22 FERC ¶ 62,029 (1983), and the court noting that, after conferring with counsel of record for the parties on June 17, 2015 regarding

---

[1] The property at issue is located in York County, Pennsylvania on parcel identification number 4400016003100. (Doc. 42 ¶ 5).

the same, Marburg does not oppose Columbia's motion for partial summary judgment,[2] and the court observing that, by memorandum and order dated March 31, 2015 resolving Columbia's motion (Doc. 4) for preliminary injunctive relief, the court found as a threshold matter that Columbia possesses a substantive right to condemn the proposed easements (Docs. 43, 44), and the court concluding that, in the context of the instant motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56, Columbia has demonstrated a substantive right to condemn the easements at issue as a matter of law,[3] it is hereby ORDERED that:

1. Columbia's unopposed motion (Doc. 7) for partial summary judgment is GRANTED as follows:

   a. Columbia is entitled to condemn the easements identified in the plat attached hereto as Exhibit A as authorized by the blanket certificate of public convenience and necessity issued by FERC.

   b. Specifically, Columbia is entitled to condemn a permanent easement consisting of 0.11 acres and a temporary construction license consisting of 0.07 acres as depicted in Exhibit A.[4]

2. Entry of judgment is DEFERRED pending a determination of just compensation.

---

[2] Marburg initially lodged certain objections to Columbia's motion for partial summary judgment. (See Doc. 21).

[3] Consistent with its earlier memorandum (Doc. 43 at 7-11), the court finds that Columbia holds a certificate of public convenience and necessity from FERC, that the easements Columbia seeks to condemn are necessary for the replacement of the pipeline, and that Columbia has not been able to acquire the easements from Marburg. (See Doc. 8-1 ¶¶ 5, 7, 15-17, 33).

[4] To the extent that the proposed right-of-way agreement attached to Columbia's amended complaint (Doc. 42-2, Ex. 2) contemplates a larger area of condemnation than that depicted in Exhibit A, the court does not find that Columbia has a substantive right to condemn rights-of-way not reflected in Exhibit A.

3. Marburg and any other persons who hold an ownership interest in the property shall retain the right to use the property subject to the easements in a manner that will not interfere with the use and enjoyment of the rights of Columbia.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania